## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **JOSEPH EARL CORNELIUS, #05024514,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **3:05-CV-1654-M** |
| | ) | |
| **BILL HILL, Dallas County District** | ) | |
| **Attorney, et al.,** | ) | |
| **Defendants.** | ) | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a civil rights action brought by a pre-trial detainee pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff is presently incarcerated at the Dallas County Jail. Defendants are Dallas County District Attorney Bill Hill, Dallas District Judge Vic Cunningham, Court Appointed Counsel Brad Lollard, Detective Hale, and Sheriff Lupe Valdez.

The Court did not issue process in this case, pending preliminary screening. On October 18, 2005, the Court issued a questionnaire to Plaintiff, who filed his answers on October 25, 2005.

Statement of Case: The complaint is not a model of clarity. It appears to challenge the capital murder charge presently pending against Plaintiff in Dallas County. (Complaint at 4 and answer to questions 1-2). The relevant facts are as follows:

In March 2005, Plaintiff was arrested and confined at the Dallas County Jail.  (Complaint at 4 and answer to question 6).  He appeared with appointed counsel, Brad Lollard, at an examining trial.  (Complaint at 4).  Although Detective Hale testified at the examining trial that "there was no evidence [that] Plaintiff [had] committed any . . . crime," Judge Cunningham permitted the case to be presented to a grand jury, which in turn indicted Plaintiff for capital murder.  (Id.).

Plaintiff alleges District Attorney Hill authorized the appointment of only one counsel for the examining trial, although Texas State law requires the appointment of two attorneys in capital murder cases.  He further alleges that Detective Hale made false statements during the examining trial, and that Judge Cunningham permitted the case to be presented to a grand jury despite the lack of evidence.  Plaintiff requests monetary relief.[1]

Findings and Conclusions:  The court has permitted Plaintiff to proceed *in forma pauperis*.  His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court.  Section 1915A provides in pertinent part that:

The court shall review . . . as soon as practicable after docketing, a complaint in a

---

[1]     In addition to monetary relief, Plaintiff requests injunctive and declaratory relief, which would authorize his release from confinement.  (Complaint at 4)  Such a request is cognizable only in a habeas corpus action pursuant to 28 U.S.C. § 2241, *et. seq.*  See Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973); Wilson v. Foti, 832 F.2d 891, 892 (5th Cir. 1987) (where a petitioner attacks the duration of his confinement, "'the appropriate cause of action is a petition for habeas corpus, even though the facts of the complaint might otherwise be sufficient to state a claim under § 1983.'"); see also Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997) (a petition for a writ of habeas corpus permits a petitioner to seek immediate or earlier release from custody, whereas a complaint pursuant to 42 U.S.C. § 1983 provides the proper avenue to challenge unconstitutional conditions of confinement and prison procedures); Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir. 1995) (per curiam) (same).
    Plaintiff also requests an investigation of Judge Cunningham's conduct during the examining trial.  This Court lacks the authority to order any investigation.

> civil action in which <u>a prisoner</u> seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b) (emphasis added).  <u>See also</u> 28 U.S.C. § 1915(e)(2)(B).

Section 1915A(b) and § 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous."  A complaint is frivolous, if it "lacks an arguable basis either in law or in fact."  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).

Any claims for monetary damages against District Attorney Hill and Judge Cunningham are barred by the doctrine of absolute immunity.[2]  According to Plaintiff, Defendant Hill appointed one attorney instead of two for the examining trial, and allowed his case to be presented to a grand jury despite the lack of evidence.  This conduct occurred in Hill's role as prosecutor at the commencement of the criminal proceeding, presently pending against Plaintiff.  (<u>See</u> Answer to questions 5-7).  It is well established that a district attorney is absolutely immune in a civil rights suit for any action taken pursuant to his/her role as prosecutor in preparing for the initiation of judicial proceedings and in presenting the State's case.  <u>See</u> <u>Kalina v. Fletcher</u>, 522 U.S. 118, 129 (1997); <u>Imbler v. Pachtman</u>, 424 U.S. 409, 430-31 (1976); <u>Esteves v. Brock</u>, 106 F.3d 674, 676 (5th Cir. 1997).

---

[2]      "Despite the applicability of <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994) [as set out more fully below], a district court may appropriately consider the possible applicability of the doctrine of absolute immunity as a threshold matter in making a section 1915(d) determination." <u>Krueger v. Reimer</u>, 66 F.3d 75, 76 (5th Cir. 1995) (citing <u>Boyd v. Biggers</u>, 31 F.3d 279, 284 (5th Cir.1994)); <u>see also</u> <u>Littles v. Board of Pardons and Paroles Div.</u>, 68 F.3d 122, 123 (5th  Cir. 1995) (even if a complaint is subject to dismissal under <u>Heck</u>, it remains appropriate for district courts to resolve the question of immunity before reaching the <u>Heck</u> analysis).

Likewsie Judge Cunningham is absolutely immune from any claim for monetary damages for any action taken in his capacity and function as a judge during the examining trial, as well as following the examining trial when he decided to submit the case to a grand jury. Stump v. Sparkman, 435 U.S. 349, 359 (1978); see also Brandley v. Keeshan, 64 F.3d 196, 200-201 (5th Cir. 1995).  Therefore, Plaintiff's claims against Defendant Hill and Cunningham should be dismissed with prejudice as frivolous and for seeking monetary relief against defendants who are immune from such relief.  See 28 U.S.C. §§ 1915A(b)(1) and (2) and 1915(e)(2)(B)(i) and (iii).

Even assuming the above claims were not barred by absolute immunity, they would impugn, along with the claims against Detective Hale, would impugn the validity of the capital murder charge presently pending against Plaintiff.   In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the Supreme Court stated:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, [footnote omitted] a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

The Heck Court unequivocally held that unless an authorized tribunal or executive body has overturned or otherwise invalidated the plaintiff's confinement, his claim "is not cognizable under [section] 1983." Id. at 487.

Heck can apply pre-conviction to bar "damage claims which, if successful, would necessarily imply the invalidity of a potential conviction on a pending criminal charge." Snodderly v. R.U.F.F. Drug Enforcement Task Force, 239 F.3d 892, 898 n. 8 (7th Cir.2001); see

also Hamilton v. Lyons, 74 F.3d 99, 103 (5th Cir. 1996) (noting in passing that Heck prevents

the accrual of § 1983 claims that would necessarily imply the invalidity of convictions on

pending criminal charges); Hamilton v. Dallas Police Dept., 2005 WL 241192, *2 -3 (N.D. Tex.

Jan. 31, 2005) (No. 3:04cv2191-P), findings and recommendation adopted, 2005 WL 549946

(N.D.Tex. Mar 08, 2005); Escamilla v. Dallas Police Dep't, 2001 WL 1338302, *2 (N.D. Tex.,

Dallas Div. Oct. 18, 2001) (No. 3:01cv1159-G) (adopting findings and recommendation of

magistrate judge).[3]

   The main focus of Plaintiff's allegations is that he was unlawfully indicted for capital

murder.  He asserts the indictment is based on Detective Hale's false testimony at the examining

trail.  If proved, such claim would call into question any future conviction for capital murder.

Therefore, this lawsuit implicates the validity of a future conviction and, as such, Plaintiff is

precluded from maintaining a cause of action under § 1983.  See Harvey v. Waldron, 210 F.3d

1008, 1014 (9th Cir.2000) ("[A] claim, that if successful would necessarily imply the invalidity

of a conviction in a pending criminal prosecution, does not accrue so long as the potential for a

conviction in the pending criminal prosecution continues to exist.").  The District Court should

dismiss the claims relating to Plaintiff's pending capital murder charge as frivolous, but without

prejudice to  being reasserted if and when the Heck conditions are met.  See Clarke v. Stadler,

154 F.3d 186, 189 (5th Cir. 1998) (en banc) (dismissing Heck barred claim without prejudice);

Hamilton v. Lyons, 74 F.3d 99, 102 (5th Cir. 1996) (noting that a § 1983 claim which falls under

---

   [3]      All circuits that have addressed this issue have concluded that Heck applies to
pre-conviction as well as post-conviction cases. See Smith v. Holtz, 87 F.3d 108 (3rd Cir. 1996);
Harvey v. Waldron, 210 F.3d 1008, 1014 (9th Cir. 2000); Shamaeizadeh v. Cunigan, 182 F.3d
391, 397 (6th Cir. 1999); Covington v. City of New York, 171 F.3d 117, 124 (2nd Cir. 1999).

the rule in <u>Heck</u> is legally frivolous); <u>Williams v. Cleer</u>,123 F. Appx. 591, *593 (5th Cir. 2005)

(following <u>Stadler</u> and dismissing <u>Heck</u> barred claims without prejudice to refiling at such time

as the conviction or imprisonment has been expunged, reversed or otherwise set aside).

Next Plaintiff seeks to sue his attorney for violating his constitutional rights during the

course of his representation.  Section 1983 affords redress only for conduct committed by a

person acting under color of state law.[4]  Neither appointed nor retained counsel acts under color

of state law in representing a defendant in the course of a criminal case.  <u>See</u> <u>Polk County v.</u>

<u>Dodson</u>, 454 U.S. 312, 324 (1981) (public defender does not act under color of state law when

performing a lawyer's traditional functions as counsel to a defendant in a criminal case); <u>Mills v.</u>

<u>Criminal Dist. Court No. 3</u>, 837 F.2d 677, 678 (5th Cir. 1988) (court appointed counsel are not

official state actors); <u>Russell v. Millsap</u>, 781 F.2d 381, 383 (5th Cir. 1985) (retained counsel does

not act under color of state law).  As such the conduct of Defendant Lollard in representing

Plaintiff during the examining trial and since his indictment for capital murder is not cognizable

under § 1983.  Plaintiff's claims against Defendant Lollard should be dismissed with prejudice

as frivolous.

In answer to the questionnaire, Plaintiff requests the dismissal of any claims against

Sheriff Valdez.  (<u>See</u> Answer to Question 8-10).  Those claims should, therefore, be dismissed

without prejudice.

---

[4]      42 U.S.C. § 1983 provides, in relevant part:
Every person who, under color of any statute, ordinance, regulation, custom, or
usage, of any State or Territory or the District of Columbia, subjects, or causes to
be subjected, any citizen of the United States or other person within the
jurisdiction thereof to the deprivation of any rights, privileges, or immunities
secured by the Constitution and laws, shall be liable to the party injured in an
action at law, suit in equity, or other proper proceeding for redress.

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's claims against Defendants

Bill Hill and Vic Cunningham be dismissed with prejudice as frivolous and for seeking monetary

relief against a defendant who is immune from such relief, see 28 U.S.C. §§ 1915A(b)(1) and (2)

and 1915(e)(2)(B)(i) and (iii).  Plaintiff's claims against Investigator Hale should be dismissed

as frivolous, but without prejudice to being reasserted after the Heck conditions are met.  28

U.S.C. § 1915A(b)(1); 28 U.S.C. § 1915(e)(2)(B).[5]

It is further recommended that Plaintiff's claims against Counsel Brad Lollard be

dismissed with prejudice as frivolous, see 28 U.S.C. § 1915A(b)(1); 28 U.S.C. § 1915(e)(2)(B),

and that his request that claims against Sheriff Valdez be dismissed be granted.

A copy of this recommendation will be mailed to Plaintiff.

Signed this 14th day of December, 2005.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that
you must file your written objections within ten days after being served with a copy of this
recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir.
1996) (en banc), a party's failure to file written objections to these proposed findings of fact and

---

[5]      If the District Court determines that Defendants Hill and Cunningham should not
be dismissed on the basis of absolute immunity, Plaintiff's claims against them should be
dismissed as frivolous but without prejudice to Plaintiff's refiling of the same at such time as the
conditions set out in Heck are met.  See 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i).

conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.